No. 22-5618

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 15, 2022
DEBORAH S. HUNT, Clerk

KAREN RENEE HOWELL,

    Petitioner-Appellant,

v.

JOHNNY FITZ, Warden,

    Respondent-Appellee.

O R D E R

Before: DAVIS, Circuit Judge.

    Karen Renee Howell, a Tennessee prisoner, appeals the district court's judgment denying her petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. She has filed an application for a certificate of appealability ("COA"). *See* FED. R. APP. P. 22(b)(1).

    In 1998, Howell pleaded guilty to three counts of first-degree murder, one count of attempted murder, two counts of especially aggravated kidnapping, two counts of aggravated kidnapping, and one count of theft of property—crimes that she committed when she was 17 years old. The trial court sentenced her to three consecutive terms of life in prison without the possibility of parole plus a consecutive term of 25 years in prison. The Tennessee Court of Criminal Appeals affirmed Howell's sentence on direct appeal. *State v. Howell*, 34 S.W.3d 484, 515 (Tenn. Crim. App. 2000). Howell did not seek review from the Tennessee Supreme Court.

    After unsuccessfully pursuing state post-conviction relief, *see Howell v. State*, 185 S.W.3d 319, 338 (Tenn. 2006), Howell filed a § 2254 petition, claiming that her guilty pleas were not entered knowingly, voluntarily, and intelligently and that counsel had rendered ineffective assistance. The district court denied the petition on the merits, and we affirmed the district court's judgment. *Howell v. Hodge*, 710 F.3d 381, 387 (6th Cir. 2013).

    In 2013, Howell again petitioned the state courts for post-conviction relief, this time claiming that her sentences of life imprisonment without the possibility of parole were

unconstitutional in view of the Supreme Court's then-recent decision in *Miller v. Alabama*, which held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. 460, 479 (2012). *Miller* effectively requires a sentencing court "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480. The trial court rejected Howell's *Miller* claim, however, finding that her life-without-parole sentences were not imposed pursuant to a mandatory sentencing scheme and instead were made after an individualized assessment of her youth and attendant circumstances. Howell tried to appeal that decision, but the Tennessee Court of Criminal Appeals declined to consider her appeal on state procedural grounds. *See Howell v. State*, No. E2013-02773-CCA-MR3-PC (Tenn. Crim. App. Jan. 13, 2014), *perm. app. denied*, No. E2013-02773-SC-R11-PC (Tenn. June 23, 2014) (per curiam).

A few years later, Howell moved to reopen her initial state post-conviction proceeding following the Supreme Court's decision in *Montgomery v. Louisiana*, 577 U.S. 190, 211 (2016), which made *Miller* retroactively applicable to cases on collateral review. But the trial court denied that motion as well, finding that it was "abundantly clear" from the record that Howell's sentencing hearing complied with *Miller* and *Montgomery*. The Tennessee Court of Criminal Appeals affirmed upon concluding that "the imposition of sentences of life without parole in this case was done only after the presentation and consideration of mitigating factors, including those specific to [Howell's] youth, history of abuse, . . . mental health . . . potential for rehabilitation and the extreme seriousness of the offenses." *Howell v. State*, No. E2017-01064-CCA-R28-PC (Tenn. Crim. App. Sept. 21, 2017) (per curiam), *perm. app. denied*, No. E2017-01064-SC-R11-PC (Tenn. 2018) (per curiam).

In 2018, Howell returned to federal court, where she moved this court for an order authorizing the district court to consider a second or successive § 2254 petition in light of *Miller* and *Montgomery*. *See* 28 U.S.C. § 2244(b)(2)(A). We determined that Howell's proffered claim "warrant[ed] a fuller exploration in the district court" and therefore authorized her to file a second or successive habeas petition and transferred her case to the district court. *In re Howell*, No. 18-5152, slip op. at 3 (6th Cir. July 11, 2018) (quoting *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004)).

The district court subsequently granted Howell leave to amend her § 2254 petition. While Howell's amended habeas petition was pending below, the Supreme Court issued *Jones v. Mississippi*, which reiterated that, under *Miller*, "an individual who commits a homicide when he or she is under 18 may be sentenced to life without parole, but only if the sentence is not mandatory and the sentencer therefore has discretion to impose a lesser punishment." 141 S. Ct. 1307, 1311 (2021). While expressly disclaiming that it was overruling either *Miller* or *Montgomery*, *id.* at 1321, the *Jones* Court stressed that *Miller* "mandated 'only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing' a life-without-parole sentence" and did not require a factual finding that a defendant is permanently incorrigible or an "on-the-record sentencing explanation with an implicit finding that the defendant is permanently incorrigible," *id.* at 1311 (quoting *Miller*, 567 U.S. at 483). The "key assumption of both *Miller* and *Montgomery*," the Court explained, "was that discretionary sentencing allows the sentencer to consider the defendant's youth, and thereby helps ensure that life-without-parole sentences are imposed only in cases where that sentence is appropriate in light of the defendant's age." *Id.* at 1318.

Shortly after the Supreme Court issued *Jones*, Howell filed a second amended § 2254 petition, in which she clarified that *Jones* was her only basis for seeking federal habeas relief. Specifically, Howell claimed that, pursuant to *Jones*, her "consecutive sentences of life without parole violate the United States Constitution because the original sentencing court did not consider [her] youth and attendant characteristics before imposing the sentences, and because there was evidence presented at [her] sentencing that she had a fair to guarded chance at rehabilitation." The respondent opposed Howell's second amended habeas petition, arguing that her claim was both untimely and without merit. Bypassing the issue of whether Howell's claim was time-barred, the district court denied Howell's claim on the merits, dismissed her habeas petition with prejudice, and declined to issue her a COA. *Howell v. Fitz*, No. 2:18-CV-00109-JRG-CRW, 2022 WL 2294128, at *10 (E.D. Tenn. June 24, 2022). This appeal followed.

Howell now applies to this court for a COA. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, the movant must

demonstrate "that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Although not discussed by the district court, Howell's Eighth Amendment claim does not deserve encouragement to proceed further because, as the respondent observed, that claim was not timely filed. *See id.*; *see also Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020) ("[A] claim does not merit a [COA] unless *every independent reason to deny the claim is reasonably debatable*.") (emphasis in original). The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. 2244(d)(1). Except in circumstances that are not present here, that limitations period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2244(d)(1)(C).

The Supreme Court has also recognized that "a [federal] court of appeals has discretion to address, *sua sponte*, the timeliness of a habeas petition," although that authority should be reserved for "exceptional cases." *Wood v. Milyard*, 566 U.S. 463, 473 (2012). Here, the respondent did raise a limitations defense, as noted above, and Howell filed a reasoned response to the limitations argument. Because Howell's response hinged on a purely legal issue, as discussed below, this court will exercise its authority to address the limitations issue.

In her response to the limitations argument in district court, Howell did not dispute that her authorized § 2254 petition was not filed within one year of *Miller*. She nevertheless argued that her petition was timely under § 2244(d)(1)(C) because it was filed within one year of the decision in *Montgomery* (after accounting for statutory tolling under 28 U.S.C. § 2244(d)(2)). Unfortunately for Howell, the decision that triggers the running of the one-year limitations period is *Miller*, not *Montgomery*. *Miller* recognized a new right under the Eighth Amendment (the right to an individualized hearing for juvenile defendants before they can be sentenced to life in prison without the possibility of parole), 567 U.S. at 479, whereas *Montgomery* simply held "that *Miller* applied retroactively to cases on collateral review" and "did not purport to add to *Miller*'s requirements." *Jones*, 141 S. Ct. at 1314, 1316. Moreover,

in making the [*Miller*] rule retroactive, the *Montgomery* Court . . . declined to impose new requirements not already imposed by *Miller*. As *Montgomery* itself explained, the Court granted *certiorari* in that case not to consider whether the rule announced in *Miller* should be expanded, but rather simply to decide whether *Miller*'s "holding is retroactive to juvenile offenders whose convictions and sentences were final when *Miller* was decided."

*Id.* at 1317 (quoting *Montgomery*, 577 U.S. at 194). Howell's timeliness argument based on *Montgomery* is meritless because, as the Supreme Court held in *Dodd v. United States*, 545 U.S. 353, 357 (2005), the date that a right is made retroactive is irrelevant for purposes of § 2244(d)(1).

Finally, although the running of § 2244(d)(1)'s one-year limitations period may be equitably tolled in "appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), or otherwise excused in cases in which the petitioner makes a colorable claim that he is actually innocent, *see McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)), Howell has neither argued nor shown that either situation applies to her case.

Howell's COA application is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk